# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 11, 2007

## STATE OF TENNESSEE v. LEODISH COE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 05-06025    Paula Skahan, Judge**

---

**No. W2006-02481-CCA-R3-CD  - Filed December 5, 2007**

---

The defendant, Leodish Coe, pled guilty to fourth offense driving under the influence (DUI) and reserved a certified question of law.  The question presented for review is whether the indictment properly charged a fourth offense DUI and whether the defendant's present offense constitutes a fourth offense DUI under Tennessee Code Annotated section 55-10-403.  After review, we conclude the answer to both questions is affirmative and affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

Joseph S. Ozment and Larry Copeland, Memphis, Tennessee, for the appellant, Leodish Coe.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Walter C. Scruggs and Kirby May, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

The defendant pled guilty to the instant offense on November 8, 2006, and the indictment alleged previous DUI convictions on September 8, 2000; April 4, 1991; and October 5, 1989. Tennessee Code Annotated section 55-10-403(a)(3) sets forth the appropriate method for calculating multiple DUI offenses as follows:

> For purposes of this section, a person who is convicted of a violation of § 55-10-401 shall not be considered a repeat or multiple offender and subject to the penalties prescribed in subsection (a), if ten (10) or more years have elapsed between such conviction and any immediately preceding conviction for a violation.  If, however, a person has been convicted of a violation of § 55-10-401 within ten (10) years of the present violation, then such person shall be considered a multiple offender and is subject to the penalties imposed upon multiple offenders by the provisions of

subsection (a). If a person is considered a multiple offender under this subdivision (a)(3), then every conviction for a violation of § 55-10-401, within ten (10) years of the immediately preceding violation shall be considered in determining the number of prior offenses, but in no event shall a conviction for a violation occurring more than twenty (20) years from the date of the instant conviction be considered for such purpose.

The defendant argues that the correct interpretation of Tennessee Code Annotated section 55-10-403(a)(3) would place his conviction date on November 8, 2006. As a result, his "immediately preceding" conviction date would be September 8, 2000 and April 4, 1991, because both occurred within ten years of the November 8, 2006 conviction. Since the October 5, 1989 conviction did not occur within ten years of the November 8, 2006 conviction, it cannot be considered in determining that the defendant is a multiple offender. Therefore, the defendant should only be guilty of a third offense DUI, not a fourth offense.

The State and the trial court rely upon the guidance set forth in State v. Tracy Gober, No E2001-00296-CCA-R9-CO, 2001 Tenn. Crim. App. LEXIS 750, at * 6 (Tenn. Crim. App. Sept. 18, 2001), to which the defendant responds that this case was incorrectly decided.

We conclude the logic and reasoning in Gober is sound and helpful in deciding how to calculate multiple offender status.

> As we review the plain language of the statute and the legislative history, it is clear that whenever an offender maintains a ten-year DUI conviction free period, the state is barred from using any prior convictions beyond that period for purposes of enhanced punishment. This ten-year DUI conviction free period is important in two ways. First, in order to be considered as a multiple offender one must have a prior DUI conviction occurring within ten years from the date of the instant conviction. Second, if at any time a ten-year DUI conviction free period exists between preceding prior convictions, the State is barred from using any prior conviction beyond that ten-year period for the purposes of enhanced punishment[.] We should be clear, however, that in no event may a prior conviction be used for the purpose of enhanced punishment if it occurred more than twenty years before the date of the instant conviction.

Id. at *6-7.

If we were to accept the defendant's argument, ten years would be the maximum time used in calculating how many prior offenses could be used to enhance one sentence. The statute, however, clearly sets the maximum time limit at twenty years, not ten years, as was correctly stated in Gober. In order for the ten-year bar to trigger and remove prior offenses from consideration for enhancement, the defendant has to be conviction free for ten years. In the instant case, the longest period between the defendant's convictions is nine years. None of the convictions used against the defendant occurred more than twenty years from the date of the instant conviction, and all were properly considered for enhancement.

Based on the foregoing and the record as a whole, we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE